IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Linda Sue Russell,                :

    Plaintiff,                :

  v.                              :     Case No. 2:10-cv-266

Michael J. Astrue,                :     JUDGE ALGENON L. MARBLEY
Commissioner of                         Magistrate Judge Kemp
Social Security,                  :

    Defendant.                :

OPINION AND ORDER

On January 12, 2011, the Court adopted an unopposed Report and Recommendation of the Magistrate Judge and remanded this Social Security case to the Commissioner of Social Security for further proceedings.  On February 12, 2011, plaintiff moved for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412.  The Commissioner filed a memorandum opposing the motion.  For the following reasons, the motion for fees will be denied.

I.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing

party and is eligible to receive a fee award.  It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified.  The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified.  Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification.  See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984).  The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person."  Pierce, supra, at 565.  As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue."  Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th

Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact.  Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989).  Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

II.

The issue which led to the remand of this case centered around the failure of the Administrative Law Judge to resolve an apparent conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles, or DOT.  At the administrative hearing, the vocational expert, Dr. Oestreich, was given a set of work functions that a hypothetical person could perform and was asked if someone with those abilities could do plaintiff's past work as a data entry operator.  He said no, and also testified that his conclusion was consistent with the DOT.  Without obtaining any further clarification, the ALJ adopted her own interpretation of the DOT and found that the DOT did not preclude someone with the combination of limits on his or her ability to bend, crouch and reach overhead from doing a data entry job.  The Magistrate Judge recommended a remand to resolve this conflict, noting that if the ALJ were simply permitted to rely on his or her interpretation of the DOT in every case, there would be little need to obtain vocational testimony, and that it would also conflict with Social Security Ruling 00-4p, which requires an adjudicator to make a reasoned resolution of conflicts between the vocational testimony and the DOT.  As noted the Commissioner did not object to that recommendation and the Court ordered the remand.

Simply by filing the motion, plaintiff placed the burden on the Commissioner to demonstrate the reasonableness of his litigation position.  Plaintiff's supporting memorandum addressed this issue only briefly, arguing, in essence, that because the Court found that the ALJ committed a legal error, the

-3-

Commissioner's defense of the ALJ's decision could not have been substantially justified.

There may, of course, be cases in which the legal error committed by an ALJ is so obvious or egregious that a reasonable argument against reversal or remand could not be made. Certainly, the failure to follow a social security ruling, which is binding on an ALJ, can make it difficult for the Commissioner to take a reasoned stand against remand. See, e.g., Coleman v. Astrue, 2011 WL 767884, *2 (N.D. Ohio February 11, 2011); cf. McClanahan v. Comm'r of Social Security, 474 F.3d 830, 834 (6th Cir. 2006). On the other hand, such rulings are sometimes susceptible to varying interpretations and their applicability to specific situations is not always clear. When that is so, the Commissioner, by making a reasonable argument for a certain interpretation of a regulation or a reasonable argument that it does not apply to the case at bar, is not simply "defending a decision that failed to follow well-established procedures and precedent," see Walker v. Astrue, 2010 WL 596451, *2 (N.D. Ohio . February 16, 2010), but may well be substantially justified in his litigation position. See also Gray v. Comm'r of Social Security, 23 Fed.Appx. 436 (6th Cir. November 6, 2001) (declining to award fees under the EAJA even though the case was remanded "due to an error of law").

In the Court's view, that is precisely what happened in this case. The legal error which formed the basis for remand turned on the proper interpretation of SSR 00-4p. The Court located little precedent on what an ALJ should do when, subsequent to the administrative hearing, he or she believes that the vocational expert has not testified consistently with the DOT even though the vocational expert affirmatively stated that no inconsistency existed. The Report and Recommendation cited to a district court decision from Michigan which, while supportive, did not involve precisely the same issue. Therefore, the Commissioner was substantially justified in arguing for an interpretation of the

-4-

regulation that allowed the ALJ to use the DOT to refine or clarify the vocational expert's testimony, even if the Court ultimately concluded that once the conflict became apparent, the ALJ was required to develop the record further so that it reflected some basis for preferring the DOT to the vocational expert's testimony apart from the fact that the two could not easily be reconciled.

III.

For the foregoing reasons, the Court finds the Commissioner's litigation position in this case to have been substantially justified.  That being so, plaintiff's application for an award of attorneys' fees under the Equal Access to Justice Act (#21) is **DENIED.**

**IT IS SO ORDERED.**


      S/Algenon L. Marbley
      Algenon L. Marbley
      United States District Judge